

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-45,978-05 AND WR-45,978-06

### EX PARTE BOBBY JOE CRAIN, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 77956-CR-A AND 77870-CR-A IN THE 300TH DISTRICT COURT
### FROM BRAZORIA COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged in these two cases with one charge of unlawful possession of a firearm by a felon and one charge of theft. He pleaded guilty to these and one other felony charge in exchange for three concurrent nine-year sentences. He did not appeal his convictions.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

because trial counsel failed to adequately investigate the facts underlying the charges, and that his guilty pleas were rendered involuntary because of trial counsel's deficient advice. Trial counsel has provided an affidavit in which he states that he discussed with Applicant the nature of the charges and the punishment ranges for each offense before Applicant pleaded guilty.

The habeas records in these two cases contain copies of the indictments, both of which charge third degree felony offenses with no enhancements. The habeas records also contain copies of *Brooks* notices provided by the State in these two cases, alleging a number of prior convictions. Although it is not clear from the notices whether the prior convictions were state jail felonies or felonies, TDCJ's records indicate that at least two of the prior convictions contained in the notices were felony convictions, and were sequential. Therefore, Applicant's punishment in both of these cases could have been enhanced to that of a habitual felony. The plea papers in both cases show that Applicant was admonished as to the punishment range for second degree felonies and pleaded guilty to second degree felonies in both cases, but do not specify whether there was a plea to any of the enhancement allegations, or whether the State waived any or all of the enhancement allegations. The judgements in both cases reflect second degree felony offenses, with no pleas to or findings on any enhancement allegations.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, trial counsel shall state what advice he gave to Applicant regarding the punishment

ranges for these two offenses. Trial counsel shall state whether he investigated the prior convictions alleged in the *Brooks* notices, and whether he advised Applicant of the punishment ranges for these offenses with or without enhancements. Trial counsel shall state whether the State waived any or all of the enhancements in both cases, and whether Applicant pleaded "true" to any enhancements. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant pleaded "true" to any enhancements in either of these cases, and if so, shall make findings as to why the judgments in these cases do not reflect any such pleas or findings. If Applicant did not plead true to any enhancements, the trial court shall make findings as to why the judgments show that these offenses were both second degree felonies. The trial court shall make findings of fact and conclusions of law as to whether Applicant was advised of the correct punishment ranges for these offenses, and whether his pleas of guilty were knowingly and voluntarily entered. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: April 26, 2017
Do not publish